No. 4909.

(Court of Appeal, Parish of Orleans.)

**MRS. MILDRED M. O'CONNER vs. R. M. JONES.**

Woodville & Woodville for plaintiff and appellee.

Dinkelspiel, Hart & Davey attorneys.

G. Fernandez attorney.

Merrick & Lewis for intervenors.

W. A. Porteous and H. B. McMurray, Jr., for Western Union Telegraph Company, garnishee and appellant.

GODCHAUX, J.—This is an appeal by a garnishee from a judgment **pro confesso** taken against it for having failed to answer, within the time prescribed by law, the interrogatories propounded to it in connection with the garnishment process, and the plaintiff moves to dismiss the appeal on the ground that the judgment having been rendered during vacation—namely, September 27, 1909—the appeal should have been preceded by formal petition and order for appeal and service of citation upon plaintiff and not, as is the case here, by simple motion for an appeal and order thereon and without service of citation upon plaintiff.

The motion is not well founded. Under Act 4 of 1896, which fixes the terms of the Civil District Court, the Court is open for issuing all writs during the summer

vacation months, and it has been recently held that where, during vacation, but while in open session, the Court renders judgment upon a writ, an appeal from such judgment may be granted under like circumstances, in the same manner and with the same formalities as if granted during regular term time.

**State ex rel. Robert N. Bush vs. Paula Trahan, Widow of Charles Adolph,** decided November 2, 1909; **Sou. Rep., p. —.**

The motion to dismiss the appeal is accordingly overruled.

Motion to dismiss overruled.

January 10, 1909.

### On the Merits.

DUFOUR, J.—The plaintiff, a judgment creditor of defendant, sued out a **fieri facias** and made the Western Union Telegraph Company, a foreign corporation doing business in this State, garnishee.

Upon its failure to answer, a judgment was taken **pro confesso.**

On this appeal, the garnishee attacks the validity of the

judgment on the ground that the process of garnishment was not served in the manner required by law.

In order to succeed, the appellant must show a cause of nullity apparent on the face of the record.

The Sheriff's return herein reads as follows:

"Received, Wednesday, July 14, 1909.

"On the 14th day of July, 1909, at 2:10 p. m., I served a copy of the within citation and accompanying petition and interrogatories on the Western Union Telegraph Company, garnishee herein, by **personal** service on A. L. Wellington, acting manager, the said T. P. Cummings, District Manager in said company being absent from the State at the time of said service."

"Return same day."

The objections urged are that the service was not personal on the garnishee **(C. P., Art. 246)** and that "such a return is radically defective in not stating whether the name of the party to whom the citation was handed was known to the Sheriff, or whether he learned it by interrogating that person, and in omitting to state that it was left in his hands at the domicile of the corporation, and also failing to state where that domicile is."

The articles of the Code of Practice as to service of citation and the return thereon must, so far as corporations are concerned, be read in connection with the amendments of the law introduced by Acts 54 of 1904 as amended by Act 284 of 1908 and also by Act 261 of 1908.

The first two acts were intended to carry into effect Art. 264 of the Constitution, and provide that foreign corporations doing business in this State shall file with the Secretary of State the name of an agent or agents upon whom process may be made and on their failure to do so, service on the Secretary of State is authorized to be

made, "the service on said agent whether personal or domiciliary shall constitute a valid service on said foreign corporation."

Act 261 of 1908 provides the manner in which service of citation upon corporations and the return thereon shall be made.

The service must be made by leaving the citation at the office of the corporation cited; the serving officer to first inquire for the person designated by the charter to receive process and, if he be absent, service must be made on any other officer and, if none be present, said citation shall be delivered to any male employee of the corporation over fourteen years of age. The return shall recite the manner in which the service was made and give the name of the person to whom the citation was handed.

Viewed in the light of the statute, the return is defective because it does not state how the Sheriff learned the facts recited therein and also because it fails to state that the citation was left at the office of the corporation cited.

But although the return be bad, the service may be good.

**35 An. 101; 42 An. 226.**

The plaintiff should be allowed to show this if she can.

Judgment reversed, and cause remanded for further proceedings at appellee's costs in both courts.

March 7, 1910.

Rehearing refused March 21, 1910.